THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* José LUQUE, Defendant and Appellant.

No. 6534.   Argued May 20, 1937.—Decided May 26, 1937.

*Angel A. Vázquez* for appellant.   *R. A. Gómez, Prosecuting Attorney,* for appellee.

MR. JUSTICE CÓRDOVA DÁVILA delivered the opinion of the court.

In the instant case José Luque was charged with abandonment and neglect of children. The complaint set forth that "during the month of February 1935, and in Río Piedras, P. R., within the municipal judicial district of Río Piedras, which forms part of the judicial district of San Juan, P. R., the defendant, maliciously, has omitted, without lawful excuse, to provide his minor daughters Evelyn, Lillian, and Edith with the necessary food, clothing, medicine, and other necessities of life, said girls being the legitimate daughters of the defendant."

After a trial of the case was had, in which evidence was introduced by both parties, the following judgment was rendered:

"The court finds the defendant guilty of a violation of section 263 of the Penal Code of Puerto Rico, and sentences him to pay a fine of $15.00 and the costs of the prosecution, and in default of such payment, to be confined in jail one day for each dollar left unpaid; and in consideration of the special circumstances of this case, the court, taking as a basis the statutory provisions of the section under which the complaint is filed, as said section was amended by Act No. 35 of 1931 (Session Laws, p. 352), suspends the sentence until the defendant complies with the condition hereby imposed upon him to contribute $15 monthly for the expenses and necessities of his three minor daughters, provided that if this condition is not complied with by the defendant, the court, upon an investigation and hearing, will decree the execution of this judgment."

It is alleged that the evidence is insufficient to support the judgment rendered; that there was admitted evidence of remote occurrences, either prior or subsequent to the date alleged in the information, the conviction of the defendant being thus brought about by virtue of that surprise and such evidence, and that the motion of the defendant to set aside the judgment was erroneously denied.

██ Mrs. Petra Freire, former wife of the defendant, testified that since the month of December 1933 she went to live with her mother because the defendant abandoned her. She went on to state that she had been involved in several suits and that her former husband paid to her the last $10 in February 1935, since which date he has paid nothing further to her; that she has tried unsuccessfully to make the defendant give her some support but he has given her nothing. She stated that she was insolvent, that during nine years of married life the defendant never failed to support her adequately; that he is attending high school at night; and that the witness earned $7 weekly and is now employed in the F.E.R.A. at a monthly salary of $45.

José Félix Freire, a witness for the prosecution, corroborated the testimony of Petra Freire and added that the defendant continued to support his daughters for four or six months, and that since February 1935, he had given them nothing; that the last sum he gave them was $10, in February.

The defendant testified that in February 1935, he sent to his wife $12; that he kept receipts for the amounts he had previously sent to her, and that he had never omitted to send her money; that he had a postmaster's report of the postal money orders he had sent to her; that the said report was prepared by the postmaster, setting forth when the money orders were issued and by whom collected; that in January 1935, he sent her $10, in November $10, and in December $15, and that he is unemployed at present; that he had not received notice either from his wife or from any of her relatives after he gave her the $12; that since February 1935, he had given her nothing.

The witness Ricardo Solá corroborated the testimony of the defendant as regards the remittance of $12 to Petra Freire in the month of February.

The complaint charges the abandonment as having occurred during February 1935, and not on any other date.

The prosecutrix admitted that the defendant sent her $10 in that month. José Luque testified that the amount was $12. It is inferred from his testimony that while he testified, he had before him a report of the postmaster stating the time when certain postal money orders were sent to the prosecutrix and when they were collected. There is no doubt that the defendant has not sent any money to his wife since February, but he is not charged in the complaint with a failure to give support after that date. According to the prosecutrix, it was in the month of February that the defendant omitted to provide his minor daughters with clothing, medicine, and other necessaries.

The lower court sentenced the said defendant to pay $15 monthly to his daughters. If, as it seems to be the case, he sent them $12 in that month, we do not consider it fair to charge him with the offense of abandonment of children in that month, when in reality he only sent $3 less than the amount which the court estimated as reasonable for the maintenance of his daughters, under the circumstances of the case. If the defendant had previously omitted to give support to the minors, which does not appear clearly from the record, such conduct could not serve as a basis for a judgment of conviction, in view of the evidence introduced. If the court was of opinion that prior to the above-mentioned date this defendant had omitted to perform the duties imposed upon him by law, he cannot be punished on that account, when he sent his daughters in February the amount of $10 or $12. Evidence of prior acts similar to the one charged in the information may be admitted in exceptional cases to prove knowledge, intent, purpose, or plan. Wigmore points out that "the peculiar feature of this process of proof is that the act itself is assumed to be done,—either because (as usually) it is conceded, or because the jury are instructed not to consider the evidence from this point of view until they find the act to have been done and are proceeding to determine the intent." *People* v. *Juarbe*, 43 P.R.R. 428, 432.

In the instant case, the acts done prior to the filing of the complaint do not throw light upon the question of intent. Once it were shown that the defendant omitted to give support to his daughters during the month of February, while he had the means to do so, there can be no doubts as to his guilt. This fact, however, was not established by the evidence. On the contrary, it has been shown that on the date set forth in the complaint the defendant sent his former wife a sum of money which was nearly equal to the one that the trial court regarded as reasonable for the maintenance of his daughters under the circumstances of the case.

The fact that the mother should have failed to demand from the defendant the performance of his duty would not be an excuse if the evidence established the abandonment charged in the complaint. A father should need no demand to give support to his children. The law imposes upon him the duty to do so without demand. The protection of his children is, moreover, a latent notion in the conscience of every father who regards himself as such, and the lack of demand is a very poor excuse to justify or attenuate the omission to perform a duty imposed by natural law.

In view of the evidence introduced and the terms in which the complaint is worded, we must order the discharge of the defendant.